**No. 51357.**—Protest 112925–K of Herbert S. Mendelsohn (Cleveland).

MOLLISON, Judge: The merchandise involved in this case was described on the invoice as "312 painted brushes with handles and one crate with 193 painted brushes with Hand." An inspection of a sample thereof, admitted in evidence as plaintiff's illustrative exhibit 1, shows that it consists of a block of wood, about 13 inches long, 2½ inches wide, and 1½ inches thick. On one side, bristles of a fibrous nature about 3 inches long have been inserted in holes, and on the opposite side a hole is bored at an angle so that a long handle may be inserted.

Duty was assessed thereon at the rate of 50 percent ad valorem under the provision in paragraph 1506, Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1001, paragraph 1506), for "all other brushes, not specially provided for." It is claimed to be property dutiable at only 25 percent ad valorem under the provision in the same paragraph for "Brooms, made of broom corn, straw, wooden fiber, or twigs." This claim is urged both directly and by similitude under the provisions of paragraph 1559.

The plaintiff took the stand at the trial of the issue and testified that he purchased the merchandise; that upon importation a round handle, painted red, and 5 feet long accompanied each of the articles described above; that the fiber portion was made of a so-called broom root grown in certain parts of Mexico and dried before use; that the articles as imported were used for sweeping garage, basement, and building floors, or any uncarpeted surface, and that they were used in a dry state.

An article consisting of a block of wood 7½ inches long, 2¼ inches wide, and three-fourths of an inch thick, into which were set bristles of a similar nature to those in illustrative exhibit 1, except that they were 2 inches long, was admitted in evidence without objection as defendant's illustrative exhibit A. This the witness identified as a brush, and under questioning by the court distinguished between what he regarded as a broom, represented by illustrative exhibit 1, and a brush. represented by illustrative exhibit A, by the use of the article, the former being used dry for sweeping purposes, while the latter was used in conjunction with water to scrub surfaces.

E. M. Newman, whose business was selling general merchandise such as hardware, drug, grocery, and similar items, including articles identical with illustrative exhibit 1, testified that for 20 years he had seen similar articles with what he regarded as practically the same fiber, used "the same as a push broom would be used * * * for cleaning out garages * * * anything that's not got a smooth surface," and that it was impossible to sell it without the handle.

Samuel B. Katz, a jobber of hardware items, including brooms, testified that he had sold articles similar to illustrative exhibit 1 in that they had a straw or

fiber bottom and a wood top having a hole into which a wood dowel handle fitted. He considered illustrative exhibit 1 to be of quality inferior to the similar domestic article, which he said was a push broom used for sweeping streets, garages, sidewalks, basements, or rough surfaces. He indicated that such brooms were used dry, although they might be used on damp surfaces to "push the dampness out."

The examiner in the office of the appraiser of merchandise who advisorily classified the merchandise at bar testified on behalf of the defendant that he made a test of the fibers in the articles to ascertain what, if any, effect the application of water would have, by soaking the bristles in cold water for 15 minutes. He stated that he found that when the fiber was dry it broke very easily, but that after it had become softened in the water it "became so tough that you could tie knots in the fiber without breaking it."

Webster's New International Dictionary, 2d edition (1945), defines a broom as—

A bundle of twigs or the tops of broomcorn or of piassava or other fibers bound together, usually upon a long handle, for sweeping or brushing.

and a brush as—

A device composed of bristles, vegetable fibers, wire, or the like, set in a suitable back or handle of wood, ivory, metal, or the like, and used for cleaning, scrubbing, painting, etc.

Funk & Wagnalls New Standard Dictionary (1942) defines broom as—

A brush attached to a long handle for sweeping: made chiefly of broom-corn in the United States, and commonly of bristles or hair in England, but formerly of twigs, especially of the broom.

and brush as—

An implement made of bristles, hair, feathers, broom-corn, sea-grass, or other fibrous and flexible material, fixed to a handle or a back, and intended to be swept or rubbed over surfaces: for cleansing, furbishing, smoothing, applying colors or varnish, etc.

From the foregoing definitions we think it may be said that the term "brush" is a general description of a class of articles and that the term "broom" refers to a species thereof. In the article in the Encyclopædia Britannica (14th ed., vol. 4), under the heading "brush" it is said:

A broom may be said to be a brush with a long handle.

The articles at bar have been identified by plaintiff's witnesses as "push brooms," have the use of brooms, and have the appearance generally of brooms. Whether they are of poor or good quality is immaterial. We are satisfied that they are brooms. The question remaining is whether they are brooms made of the substances named in the provision for brooms in paragraph 1506, to wit, broom corn, straw, wooden fiber, or twigs.

The material of which the sweeping portion of the brooms in question was made was identified by the plaintiff as a broom root grown in certain parts of Mexico. "Broom root" is distinguished from "broom corn," according to the following definitions found in Webster's New International Dictionary:

broomroot. A Mexican grass (*epi campes macroura*) used for forage and papermaking.

broomcorn. A tall sorghum derived from *sorghum vulgare* and resembling shallu and kaoliang. It has a jointed stem bearing a stiff-branched elongated panicle, used for making broom and brushes.

It seems obvious that the brooms in question were not made of either broom corn, straw, or twigs. In the brief filed on behalf of the plaintiff it is suggested that they are made of wooden fiber. Examination of the exhibits reveals that

the substance used as bristles is woody and fibrous in character. We also find in the Summary of Tariff Information, 1929, at page 2349, the following description of "broom root":

Broom root is obtained from a number of plants growing wild in Mexico and in Central and South America. The roots are wavy, from 9 to 12 inches long, and are used in brushes and brooms. The tendency of the roots to become brittle and to break limits their usefulness in broom and brush making.

From the foregoing we are satisfied that the brooms at bar were made of wooden fiber within the meaning of those words as used in paragraph 1506. This conclusion renders unnecessary a consideration of the claim made by similitude.

Judgment will therefore issue sustaining the claim made for duty at the rate of 25 percent ad valorem under paragraph 1506, only as to the merchandise described on the invoice as "312 painted brushes with handles and one crate with 193 painted brushes with Hand." As to all other merchandise the protest claims are overruled.